UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

THOMAS D. COOGAN,
          Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
          Agency.

DOCKET NUMBER
DC-831M-17-0400-I-1

DATE: January 23, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thomas D. Coogan, Bethesda, Maryland, pro se.

Michael Shipley, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2  The appellant filed an appeal of a February 27, 2017 reconsideration decision of the Office of Personnel Management (OPM) finding that he was overpaid $3,906.00 in civil service annuity benefits.  Initial Appeal File (IAF), Tabs 1-2.  On May 9, 2017, OPM rescinded its reconsideration decision due to a deficiency in its overpayment calculation.  IAF, Tab 9.  OPM asserted that it would review the file and its overpayment computation and issue a new decision.  *Id.*  The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, finding that OPM's rescinding its decision divested the Board of jurisdiction over the appeal.  IAF, Tab 10.

¶3  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  OPM has opposed the appellant's petition, and he has filed a reply.  PFR File, Tabs 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4  The Board has jurisdiction to hear appeals of final OPM decisions under 5 U.S.C. § 8347(d) and 5 C.F.R. § 831.110.  *Brown v. Office of Personnel*

*Management*, 51 M.S.P.R. 261, 263 (1991). If OPM completely rescinds its reconsideration decision, the rescission divests the Board of jurisdiction over the appeal in which the reconsideration decision is at issue, and the appeal must be dismissed. *Martin v. Office of Personnel Management*, 119 M.S.P.R. 188, ¶ 8 (2013). An exception to this rule exists, however, when OPM has rescinded its decision but has failed to restore the appellant to the status quo ante. In such cases, the Board will retain jurisdiction. *Id.*, ¶ 10.

¶5        On review, the appellant argues that the administrative judge erred in dismissing the appeal because at the time of the rescission on May 9, 2017, and the administrative judge's initial decision on May 10, 2017, OPM had not refunded him $896.76, which it had collected from his annuity payments prior to his request for reconsideration. PFR File, Tabs 1, 5. The appellant further submits evidence showing that on May 12, 2017, a payment in the amount of $896.76 was credited to his account. PFR File, Tab 5 at 5, 7. Accordingly, we find that OPM has completely rescinded its reconsideration decision and restored the appellant to the status quo ante. Because rescinding a reconsideration decision divests the Board of jurisdiction over an appeal in which that decision is at issue, the Board lacks jurisdiction over the instant appeal. *See Rorick v. Office of Personnel Management*, 109 M.S.P.R. 597, ¶ 5 (2008).

¶6        On review, the appellant appears to cite to *Campbell v. Office of Personnel Management*, 123 M.S.P.R. 240 (2016), in support of his argument that the Board has jurisdiction over the appeal because OPM has not restored him to the status quo ante. PFR File, Tab 1 at 4. *Campbell*, however, is distinguishable from this case in that the Board there found it undisputed that OPM had not refunded the money that it had withheld from the appellant's deceased husband's annuity. *Campbell*, 123 M.S.P.R. 240, ¶ 9. Here, in contrast, the appellant admits that OPM has refunded the money it withheld from his annuity.

¶7        The appellant also argues that OPM's rescission letter fails to reliably explain what led OPM to rescind its decision or what additional work needs to be

done to reconcile its errors. PFR File, Tab 1 at 4. He contends, moreover, that he has been prejudiced because OPM has been delaying the proceedings, appears to be using rescission to deal with staff shortages and avoid responding to his discovery requests, and can now take however long it wants to issue a new final determination. *Id.* at 5-6.

¶8    We have considered the appellant's arguments; however, the Board lacks the authority to order OPM to process a request for reconsideration within a certain period of time. *See McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 74-75, *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table). Further, the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by statute or regulation, and the Board is without authority to broaden or narrow its appellate jurisdiction through the exercise of inherent power. *Id.* at 73. In general, the Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under the retirement system only after OPM has issued a final decision; that is, a reconsideration decision. *Id.* at 73-74. The Board has recognized limited exceptions to this general rule when OPM has, in effect, refused to issue a reconsideration decision. *Id.* at 74; *see, e.g.*, *Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 15 (2014) (finding that OPM's failure to act for 6 years constituted an appealable administrative action as the appellant diligently sought a final decision during that time period to no avail); *Garcia v. Office of Personnel Management*, 31 M.S.P.R. 160, 161 (1986) (stating that the Board may assert jurisdiction over a retirement appeal in the absence of a reconsideration decision when OPM improperly fails to respond to the appellant's repeated requests for a decision on his retirement application).

¶9    Under the present circumstances, we find that such an exception does not apply. *See McNeese*, 61 M.S.P.R. at 71-74 (finding a 16-month delay by OPM in issuing a reconsideration decision insufficient to confer Board jurisdiction). However, after OPM issues a new reconsideration decision, the appellant may file a new appeal with the appropriate Board regional office if he disagrees with that

decision. Any future appeal must be filed within the time limits set forth in the Board's regulations. *See* 5 C.F.R. § 1201.22(b). Alternatively, he may refile the appeal if he believes that OPM refuses to issue such a decision.

¶10 Accordingly, we affirm the initial decision, dismissing the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.